Bruce A. Anderson, ISB #3392
ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.
Attorneys at Law
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Tel:    (208) 667-2900
Fax:    (208) 667-2150

Attorney for Debtor-in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No.:  15-20597-TLM |
| Premium Exploration USA Inc., | Chapter 11 |
| Debtor-in-Possession. | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS CASE**

COMES NOW, Premium Exploration USA, Inc. ("Debtor"), by and through undersigned counsel, Bruce A. Anderson of Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., and submits this Memorandum in Support of its Motion to Dismiss the pending Chapter 11 case.

**DISCUSSION**

This case has been pending for almost eight months.  Through the course of the bankruptcy, Debtor's President, John Ryan, has in good faith, and with due diligence, sought out purchasers for the basket of assets held by Debtor and its solely owned entities.  Notwithstanding such efforts, Debtor cannot not now present the Court with firm agreement to purchase such assets.

Debtor is presently working on the sale of the bulk of its assets for a purchase price of $800,000.00 with $350,000.00 down, and payments spanning in excess of one year.  The assets

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS CASE          - 1

sold would be those of Debtor, and its wholly owned entities, Green Future, LLC and Elk City Mining, LLC. Green Future, LLC is also selling certain of its assets to help fund payments to creditors. However, much work needs to be done in the form of cleaning up title on certain properties, and securing the necessary consents with Idaho DEQ and other agencies. It is believed this process will take some time.

Debtor has recently reached a basis for settlement of the claims of American Drilling Corp, LLC, the entity whose foreclosure proceedings precipitated Debtor's Chapter 7 filing. It is believed that without the pressure of a foreclosure, Debtor will have the time necessary to liquidate and maximize its assets. Debtor's intent is to first pay American Drilling Corp, LLC, a secured creditor, followed by the balance of the unsecured general claimants less former employee insiders, and parent company insider claims. Insiders will be paid last. Debtor does not expect that there will be funds available for its parent company Premium Exploration, Inc.

During the course of the bankruptcy Debtor has complied with its requirement to file all monthly operating reports, pay all quarterly U.S. Trustee's fees, and file all related entity reports. It has done so and, to the extent any additional quarterly fees are determined, they will be paid upon billing. The bulk of the funding of the Chapter 11 costs has been from John Ryan, President of the company, without request for reimbursement. In addition, Mr. Ryan has spent substantial amounts of his money through the course of travel and negotiations with prospective buyers of the company. It is believed that Mr. Ryan's expertise in the mining field, contacts with others in the mining field, knowledge and flexibility in putting together a transaction for the sale of some or all of the assets of Premium is really the only feasible means of realizing on Debtor's assets.

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS CASE          - 2

## BASIS FOR RELIEF REQUESTED

Section 1112(b)(1) of the Bankruptcy Code provides in relevant part as follows:

> [O]n request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that an appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Section 1112(b)(4) enumerates 16 factors that may constitute cause to dismiss a Chapter 11 case. One of the enumerated reasons is (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. Debtor has diligently tried to find a buyer of its assets, but there is no firm commitment that would allow it to timely file a plan or disclosure statement.

Debtor believes the controlled sale of its assets and that of its wholly owned entities, will allow it to first pay the claim of American Drilling Corp, LLC, and then pay the claims of unsecured general claimants, which approximate $300,000.00, before any insiders are paid. American Drilling Corp, LLC has agreed to not pursue further foreclosure efforts should certain timeframes be met for payment. Debtor is confident in its liquidation scheme, but such payments to its creditors will take some time, most likely in excess of one year to a year and a half.

It is believed that Debtor's nonbankruptcy scheme for paying off its creditors, i.e., American Drilling Corp, LLC first, unsecured non-insider creditors second, insiders last, is in the best interests of the creditors. Debtor is confident that the liquidation of assets, notwithstanding the fact such liquidation will occur over time, will result in all creditors being paid. The fact that the Debtor has chosen to pay non-insider unsecured creditors first, only supports the fact of the good faith of Debtor requesting dismissal of this case.

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS CASE            - 3

For these reasons, Debtor respectfully requests this Chapter 11 case be dismissed.

DATED this 24th day of March, 2016.

                                          ELSAESSER JARZABEK ANDERSON
                                        ELLIOTT & MACDONALD, CHTD.

                                        */s/ Bruce A. Anderson*_____
                                        Bruce A. Anderson
                                        Attorney for Debtor